## GREENBERG v. DAVIDSON.

### (Supreme Court, Appellate Term. January, 1903.)

1. STATUTE OF FRAUDS—SALES—EXECUTED SALE.

The statute of frauds, as re-enacted in the personal property act (Laws 1897, p. 507, c. 417), makes void every agreement for the sale of any thing in action for the price of $50 or more, unless the buyer accepts the evidences thereof, or some of them, pays part of the purchase money, or there is a memorandum in writing signed by the party to be charged. *Held*, that the statute applies to a contract for the sale of a thing in action, and not to a consummated sale, and hence, where a chose in action has been assigned and delivered pursuant to contract, the case is not within the statute, though the contract was not in writing.

Appeal from City Court of New York, General Term.

Action by Adolph Greenberg against Henry Davidson. From a judgment affirming a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

Morris Meyers (Joel M. Marx, of counsel), for appellant.
John Greenberg (Louis A. Jaffer, of counsel), for respondent.

FREEDMAN, P. J. At the trial the plaintiff recovered on two causes of action. No question has been raised as to the second cause of action. The first cause of action, which is the subject of this appeal, was, in effect, to recover the sum of $100 on the alleged oral

promise of the defendant to pay that amount to the plaintiff's assignor for an assignment of a certain cause of action which said assignor claimed to have against the defendant's brother for goods sold and delivered. The answer of the defendant set forth that this alleged agreement, not being in writing, was void under the statute of frauds, and also denied the agreement. By the verdict of the jury, as rendered, it must be deemed to have been established that the assignment by plaintiff's assignor was made as claimed by the plaintiff, and by him delivered to and received by the defendant, and that the defendant orally promised to pay $100 therefor. That being so, the principal question presented by the exceptions taken by the defendant is whether the transaction on the first cause of action was within the statute of frauds. The transaction amounted to a sale of a cause of action, and the subject of sale was a thing in action. The statute, so far as applicable to things in action, is that:

"Every agreement, promise, or undertaking is void unless it, or some note or memorandum thereof, be in writing and subscribed by the party to be charged therewith, if such agreement, promise, or undertaking is a contract for the sale of any * * * things in action, for the price of fifty dollars or more, and the buyer does not accept and receive * * * the evidences, or some of them, of such things in action, nor at the time pay any part of the purchase money," etc. Statute of Frauds, as re-enacted in Laws 1897, p. 507, c. 417, known as the "Personal Property Act."

A careful reading of the statute shows that it applies to a contract for the sale of a thing in action, and not to a consummated sale. The assignment of the thing in action having been actually made by plaintiff's assignor, and delivered to and accepted by the defendant, the case is one for the purchase price of a consummated sale of a chose in action, and not upon a contract for the sale of a thing in action, and therefore does not come within the operation of the statute of frauds. Thomas v. Dickinson, 12 N. Y. 371; Tyler v. Church, 54 N. Y. 632; Van Valkenburg v. Croffut, 15 Hun, 149; Smart v. Smart, 24 Hun, 129.

The complaint is framed upon the theory of a sale of the chose in action and an agreement to pay for the thing sold and delivered. The judgment must be affirmed, with costs.

Judgment affirmed, with costs. All concur.